IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. <u>22-1841-KG</u> |
| | ) | |
| vs. | ) | |
| | ) | |
| **JEFFREY STEVEN CLAY**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DETAIN

Jeffrey Steven Clay, an administrator with the El Paso School District,[1] is a predator who has a demonstrated history of not being held accountable for his actions, which involves the prior molestation of at least one minor. Clay is currently charged with kidnapping and taking a woman, identified as Jane Doe in the indictment, across state lines to sexually abuse her. As is more fully explained below as well as in the attached affidavit, Clay is a danger to the community and a flight risk. Clay should be detained pending trial in this case.

I.  **LAW REGARDING PRE-TRIAL DETENTION**

The Bail Reform Act "establishes a two-step process for detaining an individual before trial." *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336 (10th Cir. 2017) (per curiam). At step one, the court must decide the "threshold" question whether 18 U.S.C. § 3142(f) authorizes detention, *see Ailon-Ailon*, 875 F.3d at 1337, such as where the "case...involves...a serious risk that

---

[1] Clay is currently employed as the Executive Director of Analytics, Strategy Assessment and Public Education Information Management System for El Paso Independent School District. Clay has been employed with El Paso Independent School District since at least 2005, though he has not had his current title that entire time. Clay previously worked for EPISD as a school principal.

[the defendant] will flee," 18 U.S.C. § 3142(f)(2)(A). "If the court determines that there is such a risk, the government must prove at the second step" that no "'condition or combination of conditions' ... 'will reasonably assure the [defendant's] appearance ... as required [as well as] the safety of any other person and the community.'" *Ailon-Ailon*, 875 F.3d at 1336 (quoting 18 U.S.C. § 3142(f)). Even absent a flight risk, danger to the community alone is a sufficient reason to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

To determine whether there are conditions that can reasonably assure a defendant's appearance at trial and the safety of the community, the Court shall consider:

(1) the nature and circumstances of the crime charged;
(2) the weight of the evidence against the defendant;
(3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history, and past conduct; and
(4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.

*See* 18 U.S.C. § 3142(g).

When asserting that there is a risk the defendant will not appear, the Government bears the burden of proving that no set of conditions can reasonably assure a defendant's appearance, but only by a preponderance of the evidence. *See United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). However, the government must prove by clear and convincing evidence that the defendant is danger to the community to justify pretrial detention. *See id*. If the Court finds either standard is satisfied, it "shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e)(1); *see also United States v. Gonzalez-Sierra*, 2021 WL 6050385, *1 (D.N.M. Dec. 21, 2021) (unpublished). A detention order must include "written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1); *see also* Fed. R. App. P. 9(a)(1); *Cisneros*, 328 F.3d at 617.

**II.     ARGUMENT**

Attached to this pleading is an affidavit prepared by FBI Special Agent Armida Macmanus, the case agent.[2] In it, Special Agent Macmanus details how Jane Doe, the victim in this case, was lured into Clay's car by a false promise that he would take her to her friend's house in El Paso, Texas. However, once Jane Doe was confined in Clay's car, he instead drove her from Texas to his home in Anthony, New Mexico, where he hit her in the face, handcuffed her, and raped her orally, vaginally, and anally. Given Clay's conduct in this case, as well as his history of sexually assaulting a minor, he poses a significant danger to the community and should be detained. Additionally, Clay has been gainfully employed which gives him access to large sums of money. As is outlined in the Exhibit 1, Clay frequently travels outside the country. Accordingly, given the extremely serious charges he is facing and the lengthy term of incarceration he faces,[3] he has every reason to flee pending trial. A review of the relevant 18 U.S.C. § 3142(g) factors reveals the only way to protect the public and ensure his presence at trial is to detain him.

1. *Nature and circumstances of the offense.*

Clay's calculated transportation of Jane Doe—who was a complete stranger to him at the time—to his residence to physically and sexually abuse her illustrates that Clay places himself above the law. Indeed, statistics tell us that the majority of sexual assaults go unreported[4] and as the facts are laid out in Exhibit 1, it clear that Clay acted with impunity when he committed the

---

[2] The affidavit is attached as Exhibit 1.
[3] The government estimates, if convicted of these charges at trial, Clay's advisory guideline range will be 235-293 months.
[4] *See* https://www.rainn.org/statistics/criminal-justice-system (only 310 out of every 1,000 sexual assaults are reported to police); *see also* https://www.nsvrc.org/sites/default/files/publications_nsvrc_factsheet_media-packet_statistics-about-sexual-violence_0.pdf ("Rape is the most under-reported crime; 63% of sexual assaults are not reported to police.") (sites last visited 11/9/22).

crime charged in the current indictment. This is borne out by Clay telling Jane Doe that he was a cop in an effort to intimidate her following his sexual assault. Moreover, Jane Doe's description of the rape as well as the vaginal and anal tears she sustained demonstrate this was a very violent assault. And while kidnapping is no longer a crime of violence in the Tenth Circuit,[5] there can be no doubt that detaining someone against their will to effectuate a sexual assault on that person is a very serious offense. As is detailed in Exhibit 1, Clay punched Jane Doe in the face while he was on top of her, raping her, as tears streamed down her face. The nature and circumstances of the offense involve sexual and physical violence to a woman, carried out in such a way that evinces this was not the first time he has sexually assaulted a female. If released, it certainly won't be the last. This factor weighs heavily in favor of detention.

2. *The weight of the evidence.*

The weight of the evidence in this case is strong. Jane Doe immediately called police after she was able to jump out of Clay's car. In the 911 call, Special Agent Macmanus describes Jane Doe as sobbing and distraught. Responding officers observed marks on Jane Doe's wrists consistent with markings caused by handcuffs and observed redness to her eye consistent with being hit in the face. The SANE examination revealed that Jane Doe had tears to her vaginal walls and anus, consistent with injuries expected of someone who had been vaginally and anally raped. Clay's DNA was found on Jane Doe during the SANE examination. Jane Doe's Google and cellphone history corroborate Jane Doe's detailing of being in El Paso, Texas, on August 4, 2021, then driven to Anthony, New Mexico. Jane Doe's Google and cellphone history corroborates that she was at Clay's residence on August 4, 2021, and into August 5, 2021, before her cellphone

---

[5] *See United States v. Hopper*, 723 F. App'x 645, 646 (10th Cir. 2018).

moved back to El Paso. Clay admitted he kept handcuffs in his nightstand and those handcuffs were located during a search of his house.

The weight of the evidence is very strong and supports detention.

3. *Clay's history and characteristics.*

While Clay has no prior criminal convictions, this does not mean he has been living a law-abiding life. Quite the contrary. As detailed in Special Agent Macmanus' affidavit, in 2014, Victim 1, a minor who Clay had access to, came forward and explained that Clay had been sexually abusing her for years. Victim 1 said Clay orally, vaginally, and anally raped her from the time she was about 14 years old to when she was about 16. Victim 1 also disclosed that she had observed child pornography on Clay's devices. When Victim 1 came forward, Clay threatened Victim 1 and was in a position of power over her at that time. Clay even went so far as to teach Victim 1 how to thoroughly delete things from cellphones, computers, and the cloud to ensure the government would not be able to find the evidence. But Clay didn't stop there. As outlined in the affidavit, Victim 1 said when she was an adult, Clay again forcibly vaginally raped her.

Clay has a history of physical and sexual abuse that strongly supports detention, and the fact that he has instructed a prior victim how to delete evidence demonstrates that Clay is mindful of covering his tracks. If released, he will undoubtedly try to obstruct the investigation into him, which remains ongoing.

Clay is also a flight risk as he frequently travels out of the country. As noted in Special Agent Macmanus' affidavit, Clay's border crossing records reveal that Clay was admitted into the United States at a Port of Entry approximately 41 times from October 2021-October 2022.

4. *The nature and seriousness of the danger to any person or the community posed by Clay's release.*

For all the reasons articulated above, Clay clearly poses a danger to the community and should be detained.

III. **CONCLUSION**

Considering all the factors in their totality, including: 1) the egregious nature of the charges involving a violent sexual assault; 2) the history of years of sexually abusing a minor and then violently raping her again as an adult; 3) the significant period of incarceration Clay faces on charges supported by strong evidence; and 4) the frequency of Clay's international travel, there are no conditions that can be fashioned to protect the safety of the community from Clay or to reasonably assure his future appearances in court. Accordingly, the United States respectfully asks the Court to detain Clay pending trial.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically Filed 11/10/2022*
MATILDA McCARTHY VILLALOBOS
RYAN G. ELLISON
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001

I HEREBY CERTIFY that I electronically filed the
foregoing using the CM/ECF system, which will
send notification to defense counsel of record.

_/s/_
MATILDA McCARTHY VILLALOBOS
Assistant United States Attorney