IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                           Cr. No. 22-1841 KG

JEFFREY STEVEN CLAY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Jeffrey Steven Clay filed a Motion *in Limine* to Exclude Evidence of Other Acts, specifically prior sexual abuse allegations levied against him by his adopted daughter, T.V. (Doc. 38). By way of response, the United States filed a Sealed Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 413 and 404(b).[1] (Doc. 55). At the status conference on April 19, 2023, the parties clearly indicated they consider the matter fully briefed and did not request a hearing. Having considered the briefing and the applicable law, and for the reasons explained herein, the Court denies Clay's Motion and will allow T.V. to testify to her experiences with Clay.

Federal Rule of Evidence 413 governs the admissibility of prior sexual assaults committed by a defendant accused of a sexual assault in a criminal case. The Rule provides that the "court may admit evidence that the defendant committed any other sexual assault," and that

---

[1] The Court accepts the United States' written proffer of T.V.'s anticipated testimony, (Doc. 55), and declines to restate the details herein so as to promote public access to court records and publicly file this Memorandum Opinion and Order.

the "evidence may be considered on any matter to which it is relevant."[2]  Fed. R. Evid. 413(a).

For purposes of this Rule, "sexual assault" means:

> a crime under federal or state law … involving:
> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
> (2) contact, without consent, between any part of the defendant's body – or an object – and another person's genitals or anus;
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
> (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
> (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)–(4).

Fed. R. Evid. 413(d).  Rule 413 evidence must meet three threshold requirements: first, that the defendant is accused of a sexual assault offense; second, that the proffered evidence is evidence that the defendant committed another sexual assault offense; and third, that the evidence is relevant.  *United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998).

As to the first requirement, Clay contends that Rule 413 does not apply to this case because he "is not charged with sexual assault" and the Tenth Circuit has limited Rule 413 evidence to those cases in which the defendant is on trial for a sexual assault offense.  (Doc. 38) at 4 (citing *Seeley v. Chase*, 443 F.3d 1290, 1294 (10th Cir. 2006)).  Clay reasons that he has been charged with kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and transportation for illegal sexual activity, in violation of 18 U.S.C. § 2421(a)—neither of which are sexual assault offenses.  *Id.*

The Court disagrees, and further concludes Clay is charged with a sexual assault offense within the meaning of Rule 413.  Clay is charged with kidnapping and transporting Jane Doe in

---

[2] Rule 413(b) provides disclosure requirements, to wit, what the United States must provide to the Defendant and the timeline for disclosing that information.  While the Defendant did raise the lack of notice in his Motion, (Doc. 38), filed on March 31, 2023, the United States timely filed a Rule 413 notice on April 14, 2023, (Doc. 55).  Defendant did not re-raise the notice issue at the status conference or otherwise contend that he lacks adequate notice.  Therefore, the Court will not address the disclosure and notice requirements.

interstate commerce to engage in illicit sexual activity. *See* (Doc. 3). That activity, as proffered by the United States in its Notice, includes nonconsensual vaginal, anal, and oral sex. (Doc. 55) at 4–6. Moreover, Clay transported Jane Doe from El Paso, Texas, to Anthony, New Mexico. *Id.* This satisfies the conduct described in 18 U.S.C. § 2421(a) and qualifies as a sexual assault pursuant to Rule 413. *See also United States v. Batton*, 602 F.3d 1191, 1197 (10th Cir. 2010) (applying similar analysis in case under 18 U.S.C. § 2243, transporting a minor); *United States v. Foley*, 740 F.3d 1079, 1087 (7th Cir. 2014) (holding the focus of Rule 413 "is on the conduct itself rather than how the charges have been drafted").

Clay does not dispute that T.V.'s allegations constitute another sexual assault offense. Therefore, the second requirement is satisfied.

As to relevance, Clay contends that T.V.'s allegations were "never the subject of a judicial proceeding or conviction [and were] recanted[.]" (Doc. 38) at 6. This is true, though the United States proffers that T.V. will explain why she previously recanted. The Rule does not contemplate admissibility only of previously charged or adjudicated conduct: such a narrowing of Rule 413 would eliminate the purpose and policy behind expanding admissible prior bad acts evidence in sexual assault cases.

Clay urges the Court to analyze this evidence under Rule 404(b). However, Rule 413 is more directly applicable to this case and need not rely on a Rule 404(b) analysis. For this reason, the Court declines to apply Rule 404(b).[3]

---

[3] Rule 404(b) provides evidence of a crime, wrong or other act "may be admissible for [a purpose other than proving a person's character], such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b)(2). The Supreme Court set forth a four-factor test in *Huddleston v. United States*, 485 U.S. 681, 691-92, to evaluate the admissibility of Rule 404(b) evidence:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105,

3

Finally, Clay argues that Rules 402 and 403 preclude admission of T.V.'s allegations. Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Relevant evidence is that which has any tendency to make a fact of consequence more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401.

Clay's argument with respect to Rule 403 is multi-faceted and raises three key issues: first, the specter of an impermissible mini-trial on T.V.'s allegations; second, the risk of undue prejudice; and third, the relevance in general. As explained below, the Court determines that T.V.'s testimony is relevant, will not result in a mini-trial, and that the probative value of the evidence is not substantially outweighed by the risk of undue prejudice.

With respect to relevance, T.V.'s testimony that she was previously sexually assaulted by Clay in a manner similar to that to which Jane Doe will testify demonstrates Clay's propensity to commit sexual assaults. "Evidence of such a propensity is therefore relevant." *Guardia*, 135 F.3d at 1328; *see also Old Chief v. United States*, 519 U.S. 172, 181 (1997). The Court determines that T.V.'s testimony about her prior sexual assault is relevant.

---

the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Tennison*, 13 F.4th 1049, 1055 (10th Cir. Sept. 14, 2021) (quoting *United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011)). The District Court must "identify specifically the permissible purpose for which such evidence is offered and the inferences to be drawn therefrom." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000). Whether to admit evidence under Rule 404(b) falls within the Court's discretion. *Tennison*, 13 F.4th at 1055 (quoting *Davis*, 636 F.3d at 1297).

Were the Court to analyze T.V.'s testimony under Rule 404(b), the Court would still admit the evidence of prior sexual assaults. The Court incorporates its analysis with respect to relevance and Rule 403 balancing, *infra*, and reiterates its willingness to issue a Rule 105 limiting instruction. With respect to a proper purpose, T.V.'s testimony about Clay's prior sexual assaults go to his intent, lack of mistake, identity, and knowing state of mind. While the first described assaults occurred in the 2012–2014 timeframe, the most recent was in 2021. These events are neither too remote nor too dissimilar to satisfy the proper purpose requirement of Rule 404(b). Under this Rule, too, the evidence is admissible.

With respect to a possible mini-trial, T.V. will be subject to cross-examination and a credibility evaluation by the jury like any other witness. The United States withdrew the possible outcry witness from its witness list at the April 19 status conference. Therefore, the only anticipated evidence of Clay's prior alleged sexual assaults will be T.V.'s testimony. The parties remain free to object should questioning stray too far afield or any other issues arise during T.V.'s testimony. However, the Court finds the risk of a mini-trial too remote and containable to outweigh the probative value of T.V.'s testimony.

Finally, with respect to undue prejudice, the Court employs the balancing test for sexual assault cases announced in *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998):

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

(quotation and citation omitted).

As to the first factor, based on T.V.'s proffered testimony, a jury could find that Clay committed the sexual assaults against T.V.[4] *See id.* That is, T.V.'s proffered testimony is sufficient to show that the prior acts probably occurred.

As to the second factor and the probative dangers of the other acts evidence, the Court finds T.V.'s testimony is highly probative of Clay's intent when he crossed state lines with Jane Doe. While T.V.'s testimony could stir passions in the jury, the parties may craft or request a limiting instruction as necessary so that this evidence will not contribute to an improperly-based jury verdict. Rather than distracting the jury from the central issues of the trial, including Clay's

---

[4] Again, the Court notes that both parties expressly disclaimed the need for an evidentiary hearing with respect to T.V.

5

intent with Jane Doe, T.V.'s testimony about her prior sexual assaults bear directly on Clay's intent. Finally, it will not be overly time-consuming to prove the prior assaults because T.V. will be the only witness testifying to those events. On balance, the second factor weighs heavily in favor of admissibility.

Third, Clay clearly disputes that he took Jane Doe across state lines against her will. Indeed, he contends he and Jane Doe entered into an illegal, but consensual, agreement to exchange sex for money. Therefore, Clay will vociferously contest the material fact on which T.V.'s testimony bears—his intent.

Finally, the United States cannot avail itself of any less prejudicial evidence.

Under the *Enjady* factors for balancing prior sexual assault evidence under Rules 403 and 413, the Court determines that T.V. may testify to her prior sexual assaults by Clay.

For these reasons, the Court denies Clay's Motion *in Limine* (Doc. 38) and grants the United States' request for a pretrial ruling (Doc. 55) by declaring that T.V. may testify to the alleged prior sexual assaults committed by Clay.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE