IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                 Cr. No. 22-1841 KG

JEFFREY STEVEN CLAY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the United States' oral motion to reconsider the admissibility of evidence suggesting financial impropriety by Jane Doe 2. Based on the proffers, the Court grants the United States' oral motion and hereby excludes evidence, including cross-examination of Jane Doe 2 and the Defendant's own testimony, of purported financial impropriety by Jane Doe 2.

Defendant Jeffrey Clay contends that Jane Doe 2 withdrew or attempted to withdraw money from an account owned by Defendant and without the Defendant's permission. Defendant acknowledges that he has been told by disinterested third parties that Jane Doe 2 did not attempt to or otherwise take any affirmative action to withdraw money from any account other than her own, but that the money was withdrawn inadvertently from Defendant's account *by a third party*. Nonetheless, Defendant insists it is his understanding that Jane Doe 2 attempted to withdraw money that did not belong to her.

Outside the presence of the jury on May 2, 2023, the United States proffered that new evidence came to light showing that Jane Doe 2 did not take any affirmative action constituting financial impropriety. The United States proffered that Jane Doe 2 approached the family asset

manager, Bobby Blanco, to withdraw money from *her* retirement account for a down-payment on a house. Mr. Blanco inadvertently, by his own error, withdrew the money from *Defendant's* account. Mr. Blanco informed the United States and the financial entity holding the account, American Funds, that the error was his own and that Jane Doe 2 did not ask to withdraw or otherwise take any action to withdraw money from any account other than her own. In fact, when Jane Doe 2 noticed the error on the check, she contacted Mr. Blanco to reverse the error. Mr. Blanco took responsibility for the mistake and signed an indemnity agreement with American Funds to make himself personally liable for the error.

It is axiomatic that a party must have a good faith basis about the evidence before asking a question. *See, e.g.*, *New Mexico ex rel. Balderas v. Real Estate Law Ctr., P.C.*, 409 F. Supp. 3d 1122, 1167 (D.N.M. 2019). The proffers here suggest that Defendant does not have a good faith basis to believe Jane Doe 2 engaged in financial misconduct. While it is undisputed that money was mistakenly withdrawn from one of Defendant's accounts, rather than Jane Doe 2's account, all individuals with knowledge of the transaction indicated that a third-party, that is, Mr. Blanco, mistakenly withdrew money from that account *not* at the behest of Jane Doe 2.

Even if Defendant's subjective belief were grounded in any objective evidence, the Court would still exclude this evidence under Rule 403 balancing, on the basis that any minimal probative value—proportionately reduced by the countervailing statements about third-party mistake rather than Jane Doe 2's misconduct—is outweighed by the risk of creating a mini-trial, confusing the issues and the jury, and needlessly expending time. Moreover, the Court notes that any factual dispute on this point is tangential to the case and not a material fact.

The Court also notes the timeliness of the Motion being made on the morning of the first day of trial. The decision of the Court is based solely on the proffers of counsel. The Court accepts the proffers and excludes the evidence under Rule 403.

For these reasons, the Court grants the United States' motion to reconsider and hereby excludes any evidence or allegation of financial impropriety by Jane Doe 2.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE