IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                Cr. No. 22-1841 KG

JEFFREY STEVEN CLAY,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Defendant Jeffrey Clay's oral motion for directed verdict at the close of the United States' case-in-chief, pursuant to Federal Rule of Criminal Procedure 29. The Court heard argument from Defendant and the United States. Having considered the argument of counsel, the trial testimony, admitted exhibits, reasonable inferences from the evidence at trial, and the applicable law, and for reasons stated on the record, the Court denies the motion for directed verdict at this time.

In deciding a Rule 29 motion, the Court must view all evidence and draw all reasonable inferences in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Evans*, 318 F.3d 1011, 1018 (10th Cir. 2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). That is, the Court must "determine whether the evidence, if believed, would establish each element of the crime." *Id.* at 1081 (citing *United States v. Vallo*, 238 F.3d 1242, 1246-47 (10th Cir. 2001)). The Court, however, does not consider "the credibility of witnesses and weigh[] the evidence as thirteenth juror." *United States v. Ortiz-Ortiz*, 57 F.3d 892, 894 (10th Cir. 1995). Accordingly, the evidence necessary to support a verdict "need not

conclusively establish every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Wilson*, 182 F.3d 737, 742 (10th Cir. 1999) (quoting *United States v. Parrish*, 925 F.2d 1293, 1297 (10th Cir. 1991)).

The Court considers each count of the Indictment separately. In conducting its analysis, the Court does not, and need not, evaluate every piece of evidence tending to support or undermine the United States' position. Rather, it is enough that a rational factfinder could find proof beyond a reasonable doubt in the evidence offered in the United States' case-in-chief.

Defendant is charged with one count of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and one count of transportation in interstate commerce for illegal sexual activity, in violation of 18 U.S.C. § 2421(a).

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the United States, the Court determines that a rational trier of fact could find the essential elements, beyond a reasonable doubt, necessary to convict Defendant of Count 1, Kidnapping.

To convict Defendant of kidnapping, the United States must prove: 1) the Defendant, knowingly acting contrary to law, kidnapped Jane Doe by seizing, confining, inveigling, decoying, kidnapping, abducting, and carrying away; 2) the Defendant kidnapped Jane Doe for some purpose or benefit; 3) the Defendant willfully transported Jane Doe; and 4) the transportation was in interstate commerce. Tenth Circuit Criminal Pattern Jury Instruction 2.55.[1]

Jane Doe testified that while she was in El Paso, Texas, the Defendant offered her a ride to her friend's house on Octavia Drive, she accepted the ride, and got into the vehicle. She offered Defendant $10.00 for gas money. Instead of taking Jane Doe to her friend's house,

---

[1] For purposes of resolving the Rule 29 motion, the Court refers to the Tenth Circuit Criminal Pattern Jury Instructions for the elements of the charged offenses. Should the case proceed to verdict, these same instructions will guide the jury's deliberations.

Defendant took Jane Doe from El Paso, Texas, to his home in Anthony, New Mexico. Jane Doe further testified that Defendant kissed her at his home in Anthony, and became angry when she rebuffed his advanced. According to Jane Doe, Defendant handcuffed her hands behind her back, took her to his bedroom, and sexually assaulted her. Jane Doe's trial testimony is consistent with her 911 call, made around 2:30am on August 5, 2021, in the immediate aftermath of her experience.

Jane Doe's testimony and timeline are corroborated by the cellular analysis testimony of FBI Special Agent Sean MacManus, including his conclusions regarding the location of Jane Doe's cell phone through the course of August 4 and August 5, 2021.

Viewed in the light most favorable to the Government, and drawing the reasonable inferences therefrom, a rational trier of fact could find, beyond a reasonable doubt, that Defendant kidnapped Jane Doe by unlawfully seizing, inveigling, decoying, and carrying away; that he kidnapped her for the benefit of satisfying his own sexual desires; and willfully transported her from Texas into New Mexico.

Because a rational factfinder could find that the United States established each element of Count 1 beyond a reasonable doubt, the Court denies Defendant's Rule 29 motion as to Count 1.

To convict Defendant on Count 2, Transportation in Interstate Commerce for Illegal Sexual Activity, the United States must prove: 1) the Defendant knowingly transported Jane Doe across a state line; and 2) the Defendant transported Jane Doe with the intent Jane Doe engage in sexual activity for which a person can be charged with a criminal offense. 18 U.S.C. § 2421(a); Model Crim. Jury Instr. For the Eighth Circuit 76.18.2421 (2021); (Doc. 54) at Joint Requested Instr. 8. Criminal sexual penetration and prostitution are both crimes in New Mexico. *See* N.M. Stat. Ann. §§ 30-9-11 and 30-9-2.

Based on Jane Doe's testimony, above, a rational trier of fact could find, beyond a reasonable doubt, that Defendant transported Jane Doe across state lines with the intent to sexually assault her at his home in New Mexico.

Because a rational factfinder could find that the United States established each element of Count 2 beyond a reasonable doubt, the Court denies Defendant's Rule 29 motion as to Count 2.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE